UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK SWEITZER,

Plaintiff,

v.

MARKET EXPRESS LLC,

Defendant.

Case No. C26-5129-MLP

ORDER

This matter comes before the Court on Plaintiff's motion for clarification (dkt. # 26), which the Court construes as a motion for reconsideration.

Plaintiff commenced this action in Pierce County Superior Court on January 27, 2026. Defendant removed the action to this Court on February 12, 2026, based on diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. # 1.) Defendant subsequently moved to dismiss on express-preemption grounds. (Dkt. # 14.) After hearing oral argument on June 30, 2026 (dkt. # 22), the Court denied the motion on July 15, 2026 (dkt. # 25).

The Court's July 15 order also concluded that the complaint did not satisfy federal pleading standards. (Dkt. # 25.) Recognizing that "in removed cases, a plaintiff 'is not at fault for drafting its complaint with Washington pleading standards in mind,'" the Court granted Plaintiff

leave to amend. (*Id.* at 5 (quoting *JTS, Inc. v. City of Seattle*, 2013 WL 5913229, at *5 (W.D. Wash. Nov. 4, 2013)).) The Court directed Plaintiff to add factual allegations concerning, "for example, (1) specific workweeks in which he worked more than forty hours; (2) his total hours and mileage in those weeks; and (3) why the compensation he received did not constitute REOT under RCW 49.46.130(2)(f)." (*Id.*)

Plaintiff timely filed an amended complaint along with the instant motion. (Dkt. # 27.) In the instant motion, Plaintiff seeks reconsideration of the directive to plead facts addressing the reasonable-equivalent-of-overtime ("REOT") provision in RCW 49.46.130(2)(f). Plaintiff notes that the provision is an affirmative defense that he need not anticipate or negate in his complaint and asks the Court to substitute the proposed amended complaint attached to his motion in place of the filed amended complaint. (Dkt. ## 26 at 7.) The proposed pleading omits allegations concerning REOT while adding factual allegations regarding the alleged overtime violations. (*See generally* dkt. # 26-3.)

Defendant opposes Plaintiff's motion. (Dkt. # 28.) But Defendant's response does not address the procedural circumstance underlying Plaintiff's request: the parties did not previously brief whether the REOT provision is an affirmative defense, whether Plaintiff must plead facts negating it, or how the related burdens of production and proof should be allocated. (*See generally* dkt. ## 14, 18, 20.) Defendant's motion to dismiss addressed only express preemption and neither sought dismissal under the REOT provision nor argued that Plaintiff was required to plead around it. (Dkt. # 14.) Thus, these issues were not presented through adversarial briefing before the Court entered its July 15 Order (dkt. # 25). *See* Local Rules W.D. Wash. LCR 7(h)(1) (reconsideration may be granted based on "legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence"); *see also* LCR 7(h)(2) (requiring the

motion to "point out with specificity the matters which the movant believes were overlooked or misapprehended by the court" and "any new matters being brought to the court's attention for the first time").

The Court has considered the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised, the Court GRANTS Plaintiff's motion for reconsideration (dkt. # 26) and clarifies that Plaintiff need not plead facts negating the REOT exemption. *See*, *e.g.*, *Mendis v. Schneider Nat'l Carriers*, 2018 WL 2113834, at *3 (W.D. Wash. May 8, 2018) (Under the Minimum Wage Act's REOT exemption, an "employer bears the burden of establishing its exempt status."). The Court takes no position on whether the REOT exemption applies, the merits of any defense Defendant may assert, or the parties' respective burdens of production or proof at a later stage.

The Clerk is directed to substitute the proposed First Amended Complaint (dkt. # 26-3) for the amended complaint filed on July 29, 2026 (dkt. # 27). Defendant shall answer or otherwise respond to the First Amended Complaint within **fourteen (14) days** after entry of this Order.

Dated this 14th day of August, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge