THE HONORABLE MICHELLE L. PETERSON

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

| | |
|---|---|
| Mark Sweitzer, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Market Express, LLC,<br><br>Defendant. | No. 3:26-cv-05129-MLP<br><br>**PLAINTIFF'S SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff Mark Sweitzer ("Plaintiff" or "Sweitzer") individually and on behalf of all other similarly situated employees, files this Second Amended Class and Collective Action Complaint against Defendant Market Express, LLC ("Defendant" or "MX"), showing in support as follows:

## I. NATURE OF ACTION

1. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA"), and the Washington Minimum Wage Act, Wash. Rev. Code §§ 49.46.005-49.46.920 (the "MWA") seeking damages for Defendant's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over forty (40) during each seven-day workweek.



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

2. Plaintiff files this lawsuit individually, as an FLSA collective action, and under Rule 23 of the Federal Rules of Civil Procedure on behalf of all similarly situated current and former employees of Defendant who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over forty (40) in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward (the "Collective and Class Members").

3. Plaintiff and the Collective and Class Members seek all damages available under the FLSA and MWA, including liquidated damages, back wages, double damages, legal fees, costs, and pre- and post-judgment interest.

## II. THE PARTIES

### A. Plaintiff Mark Sweitzer

4. Plaintiff is an individual residing in Pierce County, Washington. Plaintiff has standing to file this lawsuit.

5. Plaintiff began working for Defendant on or about April 2023.

6. Plaintiff initially went through a training period with Defendant before he started performing regional, interstate truck driver services. During that period, he was paid on an hourly basis. Plaintiff also sometimes performed local driver or other non-exempt work on an hourly pay basis for Defendant.

7. Thereafter, Plaintiff accepted a promotion to work as a regional, interstate truck driver on or about May of 2025, which reflected a corresponding pay increase and his predominant method of pay changed from per hour to per mile. However, Defendant ceased paying him any overtime compensation when he worked over forty (40) hours in a workweek.

8. Plaintiff is a former employee. Plaintiff stopped working for Defendant on or about November of 2025.



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

9. At all times relevant to this lawsuit, Plaintiff has met the definition of employee under the MWA. Wash. Rev. Code § 49.46.010(4).

10. Plaintiff was a Washington-based regional driver, being both a resident of the state of Washington and because his regional trips generally began and ended in Puyallup, Washington.

11. At all times that Plaintiff worked as a regional truck driver, Plaintiff was paid a base per mile rate of approximately 66 cents per mile, and $20 per drop, without corresponding overtime compensation for hours worked over forty (40) in any given workweek.

12. At other times, when Plaintiff worked as a trainee or performed job duties other than regional driver duties, Plaintiff was paid an hourly rate in a non-exempt capacity. When Plaintiff was paid an hourly rate in a non-exempt capacity, his pay did not comply with relevant wage payment requirements because Defendant did not include all remuneration, including shift differential and layover compensation, in his regular rate of pay when calculating his overtime premium compensation.

**B. Class Members**

13. The Mileage Class Members are all current and former Washington-based truck driver employees of Defendant who are or have been employed by Defendant at any time from three years before the commencement of this lawsuit through the date of trial of this action.

14. The Hourly Class Members are all current and former hourly-paid employees who worked for Defendant in Washington who did not receive one and one-half times their respective regular rates of pay because Defendant failed to include all remuneration in the regular rate of pay when calculating their overtime premium compensation from three years before the commencement of this lawsuit through the date of trial of this action.



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

**C. Collective Members**

15. The Collective Members are all current and former hourly-paid employees who worked for Defendant who did not receive one and one-half times their respective regular rates of pay because Defendant failed to include all remuneration in the regular rate of pay when calculating their overtime premium compensation from three years before the commencement of this lawsuit through the date of trial of this action.

**D. Defendant Market Express, LLC**

16. Defendant is a limited liability company organized under the laws of the state of Oregon.

17. Defendant does substantial business in the state of Washington and has terminals and locations that Defendant operates as job sites in the state of Washington.

18. Defendant maintains corporate offices at 10400 N. Vancouver Way; Portland, Oregon 97217.

19. At all times relevant to this lawsuit, Defendant met the definition of employer under the MWA, specifically as a corporation acting directly or indirectly in the interest of an employer in relation to an employee. Wash. Rev. Code § 49.46.010(5).

20. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

21. At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

22. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

23. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

24. Defendant has previously been served with summons.


BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

## III. JURISDICTION AND VENUE

25. Plaintiff originally filed this action in the Superior Court of the State of Washington, Pierce County on January 27, 2026. Defendant removed this action to this Court on February 12, 2026, (ECF No. 1) asserting federal jurisdiction under 28 U.S.C. § 1332 (Diversity).

26. Plaintiff's claims are properly before this Court because his claims arise in part under federal statute. *See* 29 U.S.C. § 1331.

27. Venue is proper in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1441(a), because it is the federal judicial district embracing the state court where Plaintiff originally filed this action. Venue is also proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to claims alleged here occurred in this District and in this Division.

## IV. FACTUAL ALLEGATIONS

28. Plaintiff was employed by Defendant as a truck driver in connection with its logistics business operations. His primary job duties involve transporting freight between locations, sometimes interstate but often within the state of Washington.

### A. Plaintiff's Hourly-Paid Work for Defendant

29. When Plaintiff first began his employment with Defendant, and at other points in his employment, Defendant required Plaintiff to work in what it determined to be a training and/or non-exempt role.

30. Accordingly, Defendant initially paid Plaintiff on an hourly basis with some overtime wages paid. Defendant initially paid Plaintiff an hourly rate of $28.00 per hour in that training capacity. Defendant also paid Plaintiff additional compensation, including shift differential compensation and layover compensation. For instance, in the workweek paid on January 19, 2024, Defendant paid Plaintiff $52.50 in shift differential pay and $350 in layover pay.


BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

31. And while Plaintiff was a trainee, he still frequently worked over forty (40) hours certain given workweeks. For instance, in the workweek paid on January 19, 2024, Plaintiff worked 23.25 hours of overtime.

32. Defendant did pay Plaintiff some overtime compensation, but only at the rate of one and one half times his hourly rate of pay. For instance, in the workweek paid on January 19, 2024, Defendant paid Plaintiff $976.50, which represents $28.00 multiplied by one and one half ($42.00) multiplied by his overtime hours of work, 23.25 hours.

33. Defendant failed to include all compensation that Plaintiff earned in that workweek when calculating his regular rate of pay for the purpose of paying overtime premium compensation. Under both the MWA and the FLSA's regulations, the default rule is that all compensation must be included in the regular rate of pay when calculating overtime premium pay to ensure that employers do not "mask" wages to artificially decrease their overtime wage payment obligations.

34. Under the MWA, "the regular rate of pay may be determined by dividing the amount of compensation received per week by the total number of hours worked during that week." Wash. Admin. Code § 296-128-550. The employee is entitled to one and one-half times the regular rate arrived at for all hours worked in excess of forty per week. *Id.*

35. Accordingly, under the MWA, Plaintiff's regular rate in the workweek paid on January 19, 2024, exceeded his hourly rate of $28. Plaintiff worked a total of sixty three and one-quarter (63.25) hours in that workweek. Thus, Plaintiff earned total hourly compensation of $1,771 (63.25*28) in that workweek. Plaintiff earned additional compensation of $402.50 in that workweek in the form of differential and layover pay. Accordingly, Plaintiff's total compensation in that workweek was $2,173.50. Dividing $2,173.50 by his total hours of work, 63.25, yields a regular rate of $34.36 per hour. Thus, Plaintiff was entitled to compensation for all overtime hours at one and one-half times the


BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

regular rate, or $34.36 multiplied by 23.25 hours multiplied by the one and one-half modifier, or $1,198.43. Plaintiff was entitled to total compensation of $2,720.93, which is the result of $1,120 (his hourly compensation multiplied by non-overtime hours worked, *i.e.*, forty (40) hours * $28), plus $402.50 in additional compensation for shift differential and layover pay, plus overtime compensation of $1,198.43. But Defendant only paid Plaintiff $2,499.00 in that workweek, a shortage of $221.41 in that workweek.

36. Under the FLSA, the "regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109. Under the FLSA, only the half-time rate is paid at the regular rate of pay. 29 C.F.R. § 778.110(b).

37. Accordingly, under the FLSA, Defendant's overtime obligation to Plaintiff in the workweek paid on January 19, 2024, is $1,050.44, which reflects 23.25 hours multiplied by $28 ($651) plus 23.25 hours multiplied by the half time rate multiplied by the regular rate, $34.36 ($399.44). Defendant only paid overtime wages in the amount of $976.50, a shortage of $73.94 in that workweek.

**B. Plaintiff's Mileage-Paid Work for Defendant**

38. Plaintiff often drove regional routes operating a day cab unit with a gross vehicle weight rating ("GVWR") exceeding 10,000 pounds. Plaintiff occasionally drove into Idaho.

39. Defendant employs at least 50 truck driver employees in the state of Washington.

40. Plaintiff frequently worked over forty hours in a workweek without additional compensation for overtime hours worked.

41. For instance, in the workweek of September 22, 2025, through September 28, 2025, Plaintiff drove the following routes: on September 22, 2025, Puyallup,


BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

Washington to Spokane Valley, Washington (625 miles); on September 23, 2025, Puyallup, Washington to Spokane, Washington (599 miles); on September 24, 2025, Puyallup, Washington to Spokane Valley, Washington (627 miles); on September 25, 2025, Puyallup, Washington to Coeur D'Alene, Idaho (663 miles); and on September 26, 2025, Puyallup, Washington to Spokane Valley, Washington (633 miles).

42. Google Maps provides that the minimum travel time from Puyallup to Spokane Valley is 4 hours and 31 minutes, meaning that Plaintiff spent a minimum of 9 hours driving on those days including his return trip (not including slowdowns for traffic, which frequently occurred and could increase the length of his trip by as much as two hours).

43. Google Maps provides that the minimum travel time from Puyallup to Spokane is 4 hours and 26 minutes, meaning that Plaintiff spent a minimum of 9 hours driving on those days including his return trip (not including slowdowns for traffic, which frequently occurred and could increase the length of his trip by as much as two hours).

44. Google Maps provides that the minimum travel time from Puyallup to Coeur D'Alene is 4 hours and 56 minutes, meaning that Plaintiff spent a minimum of 10 hours driving on those days including his return trip (not including slowdowns for traffic, which frequently occurred and could increase the length of his roundtrip by as much as three hours). The hours that Plaintiff spent driving outside of the state of Washington count toward Defendant's obligation to pay for overtime hours worked. *Bostain v. Food Express, Inc.*, 153 P.3d 846, 851-57 (Wash. 2007).

45. However, Plaintiff's job encompasses more worktime than just the time he spends driving. Upon arriving at his destination, Plaintiff must also remain onsite while the trailer he is towing is unloaded, a process that can take anywhere 30 minutes to 4 hours (on average, closer to 2 hours). Defendant also required Plaintiff to perform pre-


BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

and post-trip duties at the Puyallup worksite where he obtained and stored the company's fleet day cab. These pre- and post-trip duties typically took approximately 1 hour of work.

46. Accordingly, during the workweek of September 22, 2025, through September 28, 2025, Plaintiff recalls spending a minimum of approximately 46 hours driving or a maximum of 57 hours driving, and a minimum of 7.5 hours performing nondriving duties or a maximum of 25 hours performing nondriving duties, for a grand total ranging from 53.5 hours to 82 hours of total hours performed in such a workweek.

47. Plaintiff did not maintain independent records of his hours of work for Defendant. Plaintiff was required to log his hours of work through an onboard tracking system for Department of Transportation compliance purposes.

48. On information and belief, Defendant retains accurate records of the time Plaintiff spent working in that workweek, at minimum of Plaintiff's drive time. See Wash. Admin. Code § 296-128-011(1) ("Special recordkeeping requirements") (mandating that employers of MCA drivers must maintain records "indicating the base rate of pay, the overtime rate of pay, the hours worked by each employee for each type of work, and the formulas and projected work hours used to substantiate any deviation from payment on an hourly basis" under to Wash. Admin Code § 296-128-012). Defendant has not yet produced these records of hours, and Plaintiff will seek them in discovery. To the extent they do not exist, Plaintiff shall provide an estimate of his overtime hours worked. *See, e.g.*, *Helde v. Knight Transp., Inc.*, No. C12-0904RSL, 2014 WL 11958636, at *1 (W.D. Wash. Aug. 19, 2014) (applying the burden-shifting framework of *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 688, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946) where an employer failed to maintain applicable records of hours worked under Wash. Admin. Code § 296-126-050).



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

49. Plaintiff will stipulate to the accuracy of any time records made by him relative to his driving time through Defendant's onboard tracking system for DOT compliance purposes.

50. Plaintiff's recollection is that he worked approximately 65 hours in the workweek of September 22, 2025, through September 28, 2025, subject to confirmation with Defendant's hours of service records.

51. Plaintiff retained payroll records for the workweek September 22, 2025, through September 28, 2025, which indicate the methods by which he earned gross pay for that workweek. Plaintiff's mileage rate was 66 cents per mile in that workweek. Plaintiff also obtained pay at the hourly rate of $20.00/hour for time he spent stopped at a drop off site, regardless of how much time he actually spent waiting for the trailer to be unloaded. It is common practice for such time to be paid at a lower rate. See also, Wash. Admin. Code. § 296-128-012(2) ("Where an employee receives a different base rate of pay depending on the type of work performed, the rate that is paid or used for hours worked in excess of forty hours per week shall be at least the overtime rate of pay for the type of work in which most hours were worked.") Plaintiff would not have accepted hourly pay for driving time at the rate of $20.00/hour. Similarly, Plaintiff would not have accepted pay of $28.00/hour for regional truck driving work, but only for training work or possibly local driving or other non-exempt work. Plaintiff's effective hourly rate of pay as a regional truck driver would have been in the approximate range of $33 per hour. Plaintiff did not obtain pay at a higher mileage or hourly rate for time he spent working over forty hours in a workweek. Regardless of how many hours he worked, he only ever received compensation at his established mileage rate and established drop off rate. Defendant did not pay additional overtime compensation on top of his mileage and drop off rate.

52. Thus, in the workweek of September 22, 2025, through September 28, 2025, under Plaintiff's recollection of working 65 hours for gross compensation of


BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

$2,157.02, his regular rate of pay is $33.18. *See Fiore v. PPG Indus., Inc.*, 279 P.3d 972, 983 (Wash. Ct. App. 2012) (citing Wash. Admin. Code § 296-128-550 (regular rate of pay determined by "dividing the amount of compensation received per week by the total number of hours worked during that week.")). If the Court finds that Plaintiff was compensated for all hours of work at his straight time rate of compensation, he would then be entitled to overtime premium pay at the half-time rate of $15.86 per hour. *Inniss v. Tandy Corp.*, 7 P.3d 807, 814 n.42 (Wash. 2000) ("straight time pay for all hours worked has already been paid at these regular rates, and only an additional half-time paid is due for each hour over 40.") Accordingly, in the workweek of September 22, 2025, through September 28, 2025, Plaintiff would be entitled to back overtime wages in the amount of $444.08. Plaintiff and similarly situated employees are entitled to back overtime wages for all weeks of work in which they worked over forty (40) hours calculated via this same method.

53. On information and belief, Defendant's other truck driver employees typically work similar schedules to Plaintiff and typically work over forty (40) hours in a workweek.

54. On information and belief, Defendant's uniform pay practice of refusing to pay overtime premium wages applied to all its truck driver employees, who received only their base mileage compensation and drop rate for all hours worked, regardless if they worked over forty (40) hours in a workweek.

55. Defendant was aware that its truck driver employees did not receive overtime wages as required under Washington law. *See* Wash. Rev. Code § 49.46.130(1), Wash. Admin. Code 296-128-012(1)(a).

56. Defendant willfully failed to pay overtime wages owed by Washington law to Plaintiff and other truck driver employees.


BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

## V. FLSA CLAIMS FOR OVERTIME PAY

57. At all relevant times, Defendant was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

58. At all times relevant to this lawsuit, Defendant has been and is an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

59. Plaintiff and the putative Collective Members are/were employees of Defendant under the FLSA. 29 U.S.C. § 203(e).

60. Plaintiff and the putative Collective Members were not exempt from overtime under the FLSA.

61. At times relevant to this lawsuit, Plaintiff and the putative Collective Members work/worked in excess of forty (40) hours per seven-day workweek as employees of Defendant.

62. Defendant is/was required to pay Plaintiff and the putative Collective Members one times their respective hourly rates of pay and one-half times their respective regular rates of pay for all hours worked over forty (40) in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

63. Defendant failed to pay Plaintiff and the putative Collective Members one times their respective hourly rates of pay and one-half times their respective regular rates of pay for all hours worked over forty (40) in each relevant seven-day workweek in each seven-day workweek in which they worked over forty (40) hours during the time period relevant to this lawsuit in violation of the FLSA.

64. The putative Collective Members are/were similarly situated to Plaintiff and each other at times relevant under the FLSA. 29 U.S.C. § 216(b).

65. Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and the putative Collective Members were not paid overtime premium pay at the


BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

rate of one times their respective hourly rates of pay and one-half times their respective regular rates of pay for all hours worked over forty (40) in each relevant seven-day workweek.

66. Plaintiff and the putative Collective Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

67. Plaintiff and putative Collective Members seek all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI. CLASS ACTION ALLEGATIONS

68. Plaintiff brings his claim for relief under Washington state law, as listed above, for violations of the Washington MWA as a class action pursuant to Rules 23(a), (b)(2), & (b)(3) of the Federal Rules of Civil Procedure.

69. Numerosity (FED. R. CIV. P. 23(a)(1)) – the Class is so numerous that joinder of all members is impracticable. On information and belief, during the relevant time period Defendant employed over 50 truck drivers in the state of Washington.

70. Commonality (FED. R. CIV. P. 23(a)(2)) – Common questions of law and fact exist as to putative members of the Class, including, but not limited to, the following:

a. Whether Defendant has failed to compensate the Class Members for overtime hours worked at the overtime premium rate;

b. Whether Defendant's violation of the MWA was willful;

c. Whether Plaintiff and the Class Members are entitled to double damages under the MWA for the volitional and willful withholding of wages.

71. Typicality (FED. R. CIV. P. 23(a)(3)) –Plaintiff's claims are typical of those of the putative Class. Plaintiff, like other Class Members, was subjected to Defendant's policy or practice of refusing to pay overtime premium wages for hours worked over forty



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

(40) in compliance with the MWA. Plaintiff's job duties and claims are typical of those of the putative Class.

72. Adequacy (FED. R. CIV. P. 23(a)(4)) –Plaintiff will fairly and adequately represent and protect the interests of the putative Class.

73. Adequacy of counsel (FED. R. CIV. P. 23(g)) –Plaintiff has retained counsel competent and experienced in complex class actions and state labor and employment litigation. Plaintiff's counsel has litigated numerous class actions on behalf of employees asserting class claims under state law. Plaintiff's counsel intends to commit the necessary resources to prosecute this action vigorously for the benefit of all Class Members.

74. Class certification of the Washington MWA claims is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the putative Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the putative Class as a whole. Plaintiff is entitled to injunctive relief to end Defendant's policy or practice of refusing to pay overtime premium wages for hours worked over forty (40) in violation of Washington law.

75. Predominance and superiority (FED. R. CIV. P. 23(b)(3)) – Class certification of the MWA claims is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the putative Class predominate over any questions affecting only individual members of the putative Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies or practices unlawfully fail to compensate the putative Class. The damages suffered by individual members of the putative Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's policy or practice.


BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

76. Notice (FED. R. CIV. P. 23(c)(2)(B)) –Plaintiff intends to send notice to all members of the putative Washington Class to the extent provided by Rule 23.

77. Plaintiff proposes that the class to be certified be initially defined as:

> All current and former Washington-based truck driver employees of Defendant who are or have been employed by Defendant at any time from the date three years before the commencement of this lawsuit through the date of trial of this action.

78. Plaintiff reserves the right to refine this definition or establish sub-classes should discovery reveal that a more appropriate class definition exists.

## VII. COLLECTIVE ACTION ALLEGATIONS

79. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

80. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

81. Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> All current and former hourly-paid employees of Defendant who did not receive one and one-half times their respective regular rates of pay because Defendant failed to include all remuneration in the regular rate of pay when calculating their overtime premium compensation from three years before the commencement of this lawsuit through the date of trial of this action.

82. Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, did not receive all overtime premium pay due for all hours worked over forty in each seven-day workweek.

83. The putative Collective Members are not exempt from receiving overtime premium pay under the FLSA.



BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

84. Defendant's failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Members.

85. The specific job titles or precise job responsibilities of each putative Collective Member do not prevent collective treatment.

86. Although the exact amount of damages may vary among the putative Collective Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

87. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

88. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VIII. CAUSES OF ACTION

### A. FIRST CAUSE OF ACTION: Violation of Washington Minimum Wage Act

89. Defendant's policies and/or practices under which Plaintiff and the Classes of similarly situated employees were denied overtime premium payments for all hours worked over forty (40) in each workweek violates the Washington MWA (Wash. Rev. Code § 49.46.130(1)-(2)(f), Wash. Admin. Code 296-128-012(1)(a)), and constitute willful withholding of wages in violation of Wash. Rev. Code § 49.52.050-.070 entitling such employees to damages as set forth below.

90. As a result of Defendant's unlawful acts, Plaintiff and the putative Class Members have been deprived of compensation in amounts to be determined at trial. Plaintiff and the putative Class Members are entitled to recover such damages, including


BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

interest thereon, as well as attorneys' fees and costs. Plaintiff and the Class Members are also entitled to declaratory and injunctive relief.

**B. SECOND CAUSE OF ACTION: Violation of Fair Labor Standards Act**

91. At all times relevant, Defendant is/was an eligible and covered employer under the FLSA. *See* § 203(d).

92. At all times relevant to this lawsuit, Defendant has been and is an enterprise engaged in commerce under the FLSA.

93. Defendant's policies and/or practices under which Plaintiff and the Collective of similarly situated employees were denied overtime premium payments for all hours worked over forty (40) in each workweek violates the federal FLSA

94. As a result of Defendant's unlawful acts, Plaintiff and the putative Collective Members have been deprived of compensation in amounts to be determined at trial. Plaintiff and the putative Collective Members are entitled to recover as damages back wages, liquidated damages, and attorneys' fees and costs. Plaintiff and the Collective Members are also entitled to declaratory and injunctive relief.

## IX. JURY DEMAND

95. Plaintiff demands a jury trial.

## X. DAMAGES AND PRAYER

96. Plaintiff, individually and on behalf of the putative Class Members asks that the Court award the following order(s) and judgment against Defendant as follows:

a. An order certifying the proposed Class;

b. An order conditionally/finally certifying this case as an FLSA collective action and requiring notice to issue to all putative Collective members;

c. An order appointing Plaintiff as the representative of the Class;

d. An order appointing Plaintiff's counsel as counsel for the Class;

e. A declaratory judgment finding that the actions complained of herein violate Washington's MWA;


BRESKIN JOHNSON TRIAL LAWYERS, PLLC
506 2nd Ave, Suite 2400
Seattle, Washington 98104 Tel: 206-652-8660

f. An order enjoining Defendant from continuing to deny overtime premium pay to Washington-based truck drivers;

g. Judgment awarding Plaintiff and Class Members compensatory and exemplary damages;

h. Judgment awarding Plaintiff and Class Members double damages under Wash. Rev. Code § 49.52.050-.070;

i. Judgment awarding Plaintiff attorneys' fees and costs, as allowed by law;

j. Judgment awarding pre- and post-judgment interest to Plaintiff and the putative Class Members, as provided by law; and

k. All damages allowed by the FLSA, including back wages;

l. Liquidated damages in an amount equal to FLSA-mandated back wages;

m. Such other and further relief as the Court deems necessary.

DATED: October 2, 2026.

BRESKIN JOHNSON TRIAL LAWYERS, PLLC

*<u>/s Cynthia J. Heidelberg</u>*
Cynthia J. Heidelberg, WSBA # 44121
506 Second Avenue, Suite 2400
Seattle, WA 98104
(206) 652-8660
cheidelberg@bjtlawyers.com

WAGE AND HOUR FIRM

*<u>/s Melinda Arbuckle</u>*
Melinda Arbuckle (PHV)
Texas State Bar No. 24080773
5050 Quorum Drive, Suite 700
Dallas, Texas 75254
(214) 489-7653 – Telephone
(469) 319-0317 – Facsimile
marbuckle@wageandhourfirm.com

*ATTORNEYS FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS*