UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK SWEITZER,<br>Plaintiff,<br>v.<br>MARKET EXPRESS LLC,<br>Defendant. | Case No. C26-5129-MLP<br>ORDER |

## I. INTRODUCTION

This matter is before the Court on Defendant Market Express, LLC's ("Market Express" or "Defendant")) Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC"). (Mot. (dkt. # 37).) Plaintiff Mark Sweitzer ("Mr. Sweitzer" or "Plaintiff") filed a response (Resp. (dkt. # 41)), and Market Express filed a Reply. (Reply (dkt. # 41).) The Court heard oral argument on November 18, 2026. (*See* dkt. # 43.) At the hearing, the Court GRANTED in part and DENIED in part Market Express' Motion (dkt. # 37).[1] This Order memorializes the Court's rulings.

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 8.)

## II. BACKGROUND

### A. Procedural History

Mr. Sweitzer first filed this action in Pierce County Superior Court on behalf of himself and a putative class of similarly situated Washington-based drivers, alleging Market Express impermissibly denied overtime premium payments in violation of the Washington Minimum Wage Act ("MWA"). (*See* dkt. #1-2.) After removal to federal court, Market Express filed a Motion to Dismiss (dkt. # 14), which this Court granted in part with leave to amend, finding Mr. Sweitzer's pleadings contained no facts addressing whether his piece-rate compensation failed to provide a reasonable equivalent of overtime ("REOT") under the MWA. (Dkt. # 25 at 4 (citing RCW 49.46.130(2)(f)).)

Mr. Sweitzer shortly thereafter sought reconsideration, which this Court granted, holding "Plaintiff need not plead facts negating the REOT exemption." (Dkt. # 30 at 2-3.) The Court took no position on whether the REOT exemption applies, the merits of any defense Market Express may assert, or the parties' burdens of production or proof at a later stage. (*Id.*) During this time, Mr. Sweitzer filed a first amended complaint (dkt. # 27), Market Express filed another motion to dismiss (dkt. # 32), and this Court again granted Mr. Sweitzer leave to amend (dkt. # 35). Mr. Sweitzer then filed the SAC and Market Express filed the instant Motion to Dismiss (dkt. # 37).

### B. Factual Allegations

In April 2023, Mr. Sweitzer, a Pierce County, Washington resident, began working for Market Express, an Oregon limited liability company with corporate offices in Portland, Oregon. (SAC ¶¶ 4-5, 16-18.) He was first paid on an hourly basis as a trainee or local driver, or for "other non-exempt work" (*id.* ¶ 6. 31, *see also* ¶¶ 29-37), and then as a regional and interstate truck driver paid on a per-mile basis (*id.* ¶¶ 7, 11, 38, *see also* ¶¶ 41-52). Mr. Sweitzer alleges

that under the MWA, and now under the Fair Labor Standards Act ("FLSA"), Market Express was aware of its obligation to pay him, putative Rule 23 class members, and putative FLSA collective members, "time and one-half their respective regular rates of pay for all hours worked over forty (40) in each seven day workweek," and willfully failed to do so. (*Id.* ¶¶ 1-2; *see also* ¶¶ 13-15, 89-90, 93-94.)

## III. DISCUSSION

Market Express moved to dismiss the SAC on numerous grounds, including that the Motor Carrier Act ("MCA") bars Mr. Sweitzer's FLSA claim (Mot. at 8-10); that his regular rate theory is impermissibly conclusory and refuted by the record (*id.* at 15-16); and that his MWA overtime claim for mileage-pay pleads no facts showing Market Express failed to provide REOT and that Mr. Sweitzer does not plausibly state a MWA claim (*id.* at 11-15; Reply at 5-6). Market Express also challenged Mr. Sweitzer's sought damages and relief, and his Rule 23 and FLSA collective class claims.[2] (Resp. at 7-8, 17-21.) Mr. Sweitzer responded that he need not plead against exemptions; that his pleadings amply satisfy the standards in *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014); and other than his requests for injunctive and declaratory relief, his requests for relief and class and collective claims are appropriately pled and would be premature to dismiss. (Resp. at 2-9; 10-14.) For the reasons stated on the record and summarized below, the Court agrees that, with the exception of injunctive and declaratory relief, Mr. Sweitzer has stated plausible claims.

[2] Market Express preserved for the record its arguments that Mr. Sweitzer's overtime claims are preempted by the Federal Motor-Carrier Law ("FMCSA"), the Federal Aviation Administration Authorization's Act ("FAAAA"), and the Motor Carrier Safety Act ("MCSA"), and that Mr. Sweitzer's Washington overtime claim is preempted on the merits. (Mot. at 21-23.)

### C. Legal Standards

Motions to dismiss brought under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557). When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

To state an overtime claim under the Washington MWA, plaintiffs must allege facts plausibly showing they worked more than forty hours in one workweek, and their employer failed to pay overtime wages for the excess hours at a rate equal to "one and one-half times" a plaintiff's "regular rate." *See* RCW 49.46.130(1). Under the FLSA, a plaintiff alleging violations of its overtime provisions must "at a minimum . . . allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Landers*, 771 F.3d at 644-645.

### D. Washington Minimum Wage Act Claim

Market Express asked the Court to dismiss Mr. Sweitzer's first claim that Market Express' policies and/or practices violated the MWA by denying Mr. Sweitzer, and classes of similarly situated employees, overtime premiums for hours worked over forty, which the Court

declined to do. Market Express argued that Mr. Sweitzer failed to state an MWA claim because he pled no facts showing he failed to receive a reasonable equivalent of overtime ("REOT"), and the allegations in the SAC show he did receive REOT. (Mot. at 11-15.) Mr. Sweitzer responded that, consistent with this Court's Order granting his motion for reconsideration, he need not "plead facts negating the REOT exemption," which is Market Express' burden. (Resp. at 2-4 (quoting dkt. # 30 at 3).) Mr. Sweitzer further responded that the SAC amply satisfies federal pleading requirements under *Landers*, as evidenced by his exemplar workweeks, and the Court should reject Market Express' effort to convert this motion into one for summary judgment. (Resp. at 4-9.) Here, the Court found that Mr. Sweitzer has stated a viable claim in the SAC for Market Express' failure to pay overtime wages under the MWA with respect to computation of Mr. Sweitzer's regular rate. Accordingly, the Court DENIED Market Express' motion as to Mr. Sweitzer's MWA claim.

**E. Fair Labor Standards Act Claim**

Market Express further asked the Court to dismiss Mr. Sweitzer's second claim that Market Express' policies and/or practices violated the FLSA by denying Mr. Sweitzer, and the putative FLSA collective, overtime premium payments for all hours worked over forty in each workweek, which the Court again declined to do. Market Express argued that the MCA bars Mr. Sweitzer's claim because the SAC facially meets the MCA exemption's three elements. (Mot at. 8-10.) Mr. Sweitzer responded that he need not plead against an exemption, but that the MCA exemption would not bar Mr. Sweitzer's FLSA claims for his initial hourly, non-exempt role. (Resp. at 9-10; *see* SAC ¶ 12.) Here, the Court found that while the SAC demonstrates Mr. Sweitzer worked for a business engaged in interstate commerce (*see* SAC ¶ 20), he had adequately stated a claim as to his hourly work only. Accordingly, the Court DENIED Market

Express' motion as to Mr. Sweitzer's FLSA claim for hourly work, but GRANTED the motion as to any remaining FLSA claim for mileage work.

**F. Injunctive and Declaratory Relief**

Mr. Sweitzer conceded that as a former employee, he lacks standing to seek injunctive and declaratory relief. (Resp. at 14-15; *see* SAC ¶ 96(e)-(f).) Accordingly, the Court STRUCK without prejudice Mr. Sweitzer's requests for injunctive and declaratory relief.

**G. Damages**

Finding that Mr. Sweitzer adequately pleaded willfulness under state and federal law, the Court DENIED Market Express' motion with respect to Mr. Sweitzer's claims for enhanced damages under the MWA, and with respect to a three-year limitations period and liquidated damages under the FLSA.

**H. Class and Collective Action**

On the basis that Mr. Sweitzer's MWA and FLSA claims plausibly state a claim, the Court DENIED Market Express' motion with respect to Mr. Sweitzer's class and collective action claims, except as to his class 23(b)(2) claims, which are DISMISSED on the same reasoning as his requests for injunctive and declaratory relief. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364-365 (2011).

## IV. CONCLUSION

For the foregoing reasons, Market Express' Motion to Dismiss (dkt. # 37) is DENIED in part and GRANTED in part.

Dated this 23rd day of November, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge